UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:22-cv-81746

MAUREEN HERBST,

     *Plaintiff,*

v.

AMERICAN ORTHODONTICS
CORPORATION,

     *Defendant.*

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND STRIKE OR FOR MORE DEFINITE STATEMENT

Defendant, American Orthodontics Corporation ("Defendant"), moves this Court for the entry of an Order dismissing the Amended Complaint filed by Plaintiff, Maureen Herbst ("Plaintiff"), and striking time-barred and irrelevant allegations and improper damages pleas, and states the following in support:

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Plaintiff has filed this action attempting to assert claims against Defendant for alleged sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA") (Counts I-III, VIII-IX, XI); alleged age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the FCRA (Counts IV – V, X); and alleged gender-wage discrimination and retaliation in violation of the Equal Pay Act of 1963 ("EPA") ("Count VI-VII"). *See* Amend. Compl. [D.E. 18].

The Amended Complaint is Plaintiff's second bite at the apple. On November 9, 2022, Plaintiff filed an initial complaint that was an improper shotgun pleading; raised several time-barred, redundant, and immaterial allegations; and failed to plead sufficient facts to state a claim for any of the causes of action alleged. Defendant moved to dismiss the entire complaint on January 9, 2023 and identified each deficiency in detail. [D.E. 17]. Plaintiff, in turn, amended her complaint on January 23, 2023. [D.E. 18]. At first glance, Plaintiff tries to address Defendant's timeliness and failure-to-state-a-claim concerns by eliminating the specific allegation of when she filed her underlying charge of discrimination and by adding several conclusory and redundant allegations as purported further support for her claims.

Plaintiff's Amended Complaint still fails to comply with Fed. R. Civ. P. 8(a) and 10(b). It remains an impermissible shotgun pleading that is replete with redundant, immaterial, and conclusory allegations, which makes it exceedingly difficult for the Defendant and the Court to determine how allegations are connected to specific causes of action or what causes of action are being asserted. Plaintiff also continues to improperly comingle distinct causes of action that should be pleaded in separate counts. As for the sufficiency of the allegations supporting the respective claims, Plaintiff still fails to plead sufficient facts to state plausible claims for relief and improperly tries to rely on time-barred and irrelevant allegations. Finally, the Amended Complaint continues to seek damages that are not recoverable under the referenced laws. Ultimately, Plaintiff's Amended Complaint defies federal pleading standards and suffers from substantive and procedural issues that require its dismissal or, if not dismissed, a more definite statement. Otherwise, the Amended Complaint makes it is nearly impossible for Defendant to formulate a response and will make future management of this litigation difficult.

## II.     STANDARD OF LAW

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In every pleading, the "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). That rule of construction is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal*." Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007).

A complaint must contain enough facts to plausibly allege the required elements of each respective claim. *Id.* A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility

---

[1] In other words, a pleading must contain enough factual matter to suggest the required elements. *Kamel v. Kenco/The Oaks at Boca Raton LP*, 321 F. App'x 807 (11th Cir. 2008).

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Of course, the Court may infer from those same factual allegations "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

## III.    LEGAL ARGUMENT

### A.  Plaintiff's Amended Complaint is an impermissible shotgun pleading.

Plaintiff's Amended Complaint must be dismissed because it is an impermissible shotgun pleading. The Eleventh Circuit has identified four general types of shotgun pleadings, which include (1) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and (2) complaints that do "not separat[e] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) (citation omitted). A unifying element of all the shotgun pleadings is their failure to provide the defendant adequate notice of claims being brought against it. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).

Eleventh Circuit district courts generally have little tolerance for shotgun pleadings, often striking such pleadings sua sponte.  *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (quotations omitted); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018). This is because a court is charged with an "inherent authority to control its docket and ensure the prompt resolution of lawsuits, including the power to dismiss a

complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Weiland*, 792 F.3d at 1320.[2] In fact, this Court has noted that shotgun pleadings waste judicial resources and are an unacceptable form of establishing a claim for relief. *Terry Lopez v. Office Depot Inc.*, No. 9:21-cv-81249-DMM, at *5 (S.D. Fla. Sept. 15, 2021) (Middlebrooks, J.).

> ### 1. Defendant is unable to form a response to the Amended Complaint because it fails to identify, with sufficient clarity, the specific claims that Plaintiff seeks to assert against Defendant and their underlying factual predicates.

The Amended Complaint is prolix and confusing because it is replete with vague, conclusory, redundant, and immaterial allegations. Contrary to the pleading requirements of Rule 8, there is nothing short, plain, simple, concise, or direct about Plaintiff's allegations. The Amended Complaint stretches 64 pages and 288 paragraphs. Its unnecessary prolixity can be best illustrated through its unique beginning titled "Summary of the Case." The "Summary of the Case" is unnumbered and has a title the length of a sentence. It then contains a summary of some allegations found later in the Amended Complaint and sets the tone of the remaining Amended Complaint where Plaintiff redundantly reiterates the same allegations.

Ultimately, it is nearly impossible for the Defendant and the Court to determine what the underlying factual predicates are for each asserted claim. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Plaintiff begins each count with "Plaintiff realleges and incorporates by reference each allegation contained in the General Allegations, and further alleges as follows." Amend. Compl. ¶¶ 61, 76, 93, 113, 131, 143, 166, 181, 209, 241, 267. This is

---

[2] *See Palmer v. Albertson's LLC*, 418 F. App'x 885, 889-90 (11th Cir. 2011) ("Where a plaintiff has alleged a host of claims based on discrete facts of discrimination in just one count, we have noted that the plaintiff failed to comply with Rules 8 and 10."); *Desrouleaux v. Quest Diagnostics, Inc.*, No. 09-61672-CIV, 2010 WL 1571188 at *2 (S.D. Fla. Apr. 20, 2010) (the merging of claims of § 1981 race discrimination based on disparate treatment and hostile work environment violated the one-claim-per-count rule); *see also Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (discussing the purpose of Rules 8 and 10).

a confusing allegation because Plaintiff only labels Paragraphs 1 and 2 as "General Allegations." Paragraphs 1 and 2 are conclusory allegations that respectively list all the claims Plaintiff is seeking to assert against Defendant and all the damages that Plaintiff is seeking to recover.[3] Thus, realleging those Paragraphs in each Count detracts from the Court's and the Defendant's ability to determine if a valid cause of action is alleged. Plaintiff cannot rely on these realleged Paragraphs because they are legal conclusions. By realleging these Paragraphs in each Count, Plaintiff references a host of discrete causes of action within one count, in violation of Fed. R. Civ. P. 10(b).

While it may be common for a plaintiff to reallege or incorporate by reference specific allegations as support for claims, Plaintiff fails to clearly do so here. While Plaintiff alleges 43 "Factual Allegations" from Paragraphs 17 to 60 of the Amended Complaint, Plaintiff does not explicitly incorporate by reference any of those allegations in the subsequent Counts. If Plaintiff intended to adopt all 43 "Factual Allegations" in support of each Count, it is still a shotgun pleading because Defendant and the Court are left to sift through a myriad of unrelated and immaterial allegations—many of which are legal conclusions—to determine which ones, if any, support the asserted cause of action. *Bardelas v. City of Doral, Fla.*, No. 1:20-CV-24894-KMM, 2021 WL 2531074, at *3 (S.D. Fla. Apr. 15, 2021);[4] *see VM Global Partners, LLC et al., v. Laxai Pharma, Ltd.*, No. 8:14-cv-01343, 2014 WL 12634948 *1 (M.D. Fla. Dec. 1, 2014) (internal quotations omitted).

---

[3] Paragraphs 2 and 3 are merely a repeat of Paragraph 1 separated into two allegations.

[4] Each of the nine *Bardelas* counts began with "Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-99, as if fully set forth herein." The Court held incorporation of all factual allegations into each count violated Rule 8. *Id.* at 4. The Court further found that each cause of action improperly comingled sex discrimination, harassment, retaliation and hostile work environment (all of which are claims alleged in the instant Complaint). That comingling made it difficult to discern the crux of each cause of action, and what set of facts form the basis for each cause of action. *Id.* As a result, the Court appropriately dismissed the complaint as a shotgun pleading.

To make matters worse, Plaintiff vaguely adopts into Counts II, III, IV, VIII, IX, X and XI every allegation of alleged wrongdoing contained in the Amended Complaint before the respective Paragraph containing adopting language.  Specifically, in Paragraphs 81, 102, 105-106, 125, 196, 213, 232-33, 249, 257, and 280 she adds the phrases "as described above" or "as described and set forth above." By doing so, she appears to adopt into those Paragraphs each statement of alleged wrongdoing contained before those Paragraphs, including all allegations in prior Counts.

Plaintiff's Amended Complaint is also confusing and prolix because it repeatedly includes immaterial and redundant allegations that are not reasonably connected to any of the specific claims being asserted. This frustrates the Defendant's and the Court's ability to identify what claims are actually being brought against the Defendant. For example, in Paragraph 57, Plaintiff lists several discrete acts of conduct by Defendant that she believes were discriminatory because of her sex/gender. Amend. Compl. ¶ 57.  She then realleges the same or a slightly paraphrased allegation in Counts I- IV, VIII, and IX-X. *See* Amend. Compl. ¶¶ 65, 79, 101, 120, 183, 211, 244. She does the same for her general allegations of harassment and hostile work environment in Counts I- III, IX, and XI. *Compare* Amend. Compl. ¶ 58 *with* ¶¶ 66, 80, 101, 105, 210, 212, 219, 227, 232, 284.  Plaintiff does not show how these allegations are connected to all the respective Counts in which they are realleged.

Count II shows why these redundant pleadings are problematic. Plaintiff styles Count II as a claim for hostile work environment based on Plaintiff's sex/gender. Amend. Compl. ¶¶ 76-92. In what appears to be an attempt to cover her bases, Plaintiff includes her list of alleged discrete discriminatory conduct in Paragraph 79. Then, in Paragraph 80, Plaintiff explicitly identifies the conduct she believes forms a hostile work environment. Amend. Compl. ¶ 80. Plaintiff ultimately fails to show how Paragraph 79 is connected to the alleged hostile work environment, and it is

unclear why it is included. Thus, the Court and the Defendant are left guessing what claim Plaintiff is seeking to assert and the factual bases for the claim.

Another example of immaterial allegations can be found in Counts VIII (styled as Sex/Gender Discrimination – Disparate Treatment in violation of the FCRA), IX (styled as Sex/Gender discrimination – Hostile Work Environment in violation of the FCRA), and X (styled Age Discrimination in violation of the FCRA). In these Counts, Plaintiff includes several allegations asserting that she was constructively discharged by Defendant. Amend. Compl. ¶¶ 203, 204, 231, 233, 234, 257. Yet Plaintiff alleges in Paragraph 20 of the Amended Complaint that she is still currently employed by Defendant and is "on track" to reach her set budget goals this year. *Id.* at ¶ 20. Defendant is left guessing whether Plaintiff seeks to assert a claim for constructive discharge.[5]

### 2. Plaintiff's Amended Complaint also comingles several claims within single counts.

Plaintiff's Amended Complaint fails to separate into different counts each distinct cause of action or claim for relief, which makes it a shotgun pleading. *Weiland,* 792 F.3d at 1322-23. This prevents Defendant from having adequate notice of the claims being brought against it. *See Lopez*, No. 9:21-cv-81249-DMM, at *5; *Durosier v. Dep't of Children and Family Servs.*, No. 13-62002-CIV, 2014 WL 4722749 at *1 (S.D. Fla. Sept. 23, 2014).

Plaintiff repeatedly comingles claims for disparate treatment, discriminatory hostile work environment, retaliatory hostile work environment, and discrete retaliation. *See* Amend. Compl.

---

[5] Even if Plaintiff seeks to assert a constructive discharge claim, she has not pleaded sufficient facts to state such a claim. Nor does she have a good-faith basis to do so, especially considering that she is still employed by Defendant. The threshold to prove constructive discharge is a high one. *See Moore v. San Carlos Park Fire Prot. & Rescue*, 808 F. App'x 789, *798 (11th Cir. Apr. 1, 2020). Here, Plaintiff's allegations do not objectively suggest any "working conditions [that were] so intolerable that a reasonable person would have felt compelled to resign." *Pa. State Police v. Suders*, 542 U.S. 129, 134 (2004).

Counts I-III, VII-X. All these claims are distinct, have different elements, and must be pleaded in separate counts. *See Okwen v. American Maritime Officers Plans*, 2015 WL 3904991, *8 (S.D. Fla. Jun. 25, 2015) (Bloom, J.) (stating "discrimination, retaliation, and hostile work environment claims each require distinct, separate elements. Thus, in order to state claims of these distinct, separate issues, Plaintiff must plead each count separately."); *Hausberg v. Wilkie*, Case No. 8:20-cv-2300-TPB-JSS, 2021 WL 4133739, *3 (M.D. Fla. Sept. 10, 2021) (dismissing complaint as shotgun pleading because it comingled retaliatory hostile work environment claim with discriminatory hostile work environment claim); *see also Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1206-1207 (11th Cir. 2021) (recognizing that disparate treatment, discriminatory hostile work environment, and retaliatory hostile work environment are different claims). This prevents the Defendant from being placed on adequate notice of the claims that are being brought against it. Accordingly, Plaintiff's Amended Complaint must be dismissed.

### A. Plaintiff's Amended Complaint fails to state any claims for relief.

#### 1. Plaintiff fails to state a claim for gender wage discrimination in violation of the EPA.

The EPA prohibits employers from paying different wages to similarly situated employees because of sex. *Blissett v. City of Debary*, 2017 WL 1365606, at *2 (M.D. Fla. Apr. 14, 2017) (citing 29 U.S.C §206(d)(1)). To state a claim for wage discrimination under the EPA, Plaintiff must allege sufficient facts to suggest that Defendant paid employees of one gender lower wages for equal work that required "'equal skill, effort, and responsibility, and which was performed under similar working conditions.'" *Id.*

At this claim's core, Plaintiff alleges that she is upset that her sales district was reduced and partly reassigned to a new male hire whom she assume*s* will earn a commission and bonus on the sales that occur in her old district. *See* Amend. Compl. ¶¶ 150-151. Plaintiff feels that she

deserves this prospective commission and bonus because, in her view, the sales would not have occurred but for her. *See* Amend. Compl. ¶ 151. So, Plaintiff tries to set up an EPA claim to argue that the reduction of her sales district will inevitably result in her being paid less than her male counterparts. In a series of contradictory allegations, Plaintiff alleges that Defendant did not reduce any of the districts of her male counterparts. *See* Amend. Compl. ¶¶ 149-150. She then admits that some of their districts had been reduced but to a lesser degree than hers. *See* Amend. Compl. ¶¶ 148, 149. Ultimately, she asks the Court to infer that her male counterparts will earn more than her because of the reduction in her district.

Plaintiff's claim is flawed for several reasons. First, the EPA requires Plaintiff to show that she was actually paid less than males in a similar job. Here, Plaintiff fails to allege any factual compensation amounts to show that she was actually paid less than her male counterparts. Many of Plaintiff's allegations are couched in the future tense and are hypothetical. *See* Amend. Compl. ¶¶ 151, 154. She bases her claim on an assumption that she will be paid less because she lost a portion of her district. *See* Amend. Compl. ¶ 160. She does not assert factual allegations that establish that the loss of the Tampa district means she will actually be paid less. Plaintiff also fails to account for the other obvious alterative explanations for the allegations regarding the resizing of her district and the impact on her pay. As Plaintiff alleges, there are notable differences in sizes of districts and in the amount of their sales. *See* Amend. Compl. ¶¶ 44, 162. Plaintiff even suggests that she was targeted because of the size of her territory. *See* Amend. Compl. ¶ 44. Plaintiff has ultimately failed to plead any factual allegations to support any inference that she has been paid less than a similarly-situated male employee for the same work. *Blissett*, 2017 WL 1365606 at \*2; *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (the Eleventh Circuit

dismissed EPA claim because female plaintiff did not plead any facts comparing her skill, effort, and responsibility levels to the younger males who were allegedly paid more).

Instead, she tries to rely on her legal conclusions that she was paid less than her male counterparts. But it is well established that a conclusory and formulaic recitation of the elements of an EPA claim without supporting factual allegations is insufficient to state a claim. *Arafat*, 549 F. App'x at 875 (citing *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949); *Blissett*, 2017 WL 1365606, at *2 (court found that plaintiff failed to provide facts supporting an inference that she was paid less than a similarly-situated male employee for the same work); *Hull v. Bri Sharky's, LLC*, No. 5:14-CV-135-RS-CJK, 2014WL5772020, at *2 (N.D. Fla. Nov. 5, 2014) (factually underdeveloped EPA claim warranted dismissal). Moreover, Plaintiff's allegations of discrimination relating to other individuals should not be considered in determining whether Plaintiff has stated a claim alleging that she was individually discriminated against. Accordingly, Plaintiff's EPA claim for wage discrimination should be dismissed.

### 2. Plaintiff fails to state a claim for EPA retaliation under Count VII.

Plaintiff's claim for EPA retaliation should be dismissed because Plaintiff has failed to allege sufficient facts to state a claim. "The anti-retaliation provision of the Equal Pay Act, as incorporated into the FLSA, makes it unlawful for an employer to discharge or otherwise retaliate against an employee for filing a complaint or instituting proceedings related to the FLSA." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1314 (11th Cir. 2018). To establish a prima facie case of retaliation, a plaintiff may show that "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Id.* (citing *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)). Here, Plaintiff cannot state those elements.

In a conclusory allegation naked of any supporting facts regarding time or substance, Plaintiff alleges that she engaged in protected activity under the EPA by making a request to Defendant's leadership to be paid equal to her male colleagues. *See* Amend. Compl. ¶ 160. Then, in another conclusory allegation, Plaintiff alleges that Defendant retaliated against her for making that request by reducing her pay more than her male colleagues and by subjecting her to harassment. Amend Compl. ¶170.These allegations fail to state a claim for EPA retaliation because they are conclusory and are mere recitations of the required elements.

Even if the Court were to credit Plaintiff's conclusory allegations, Plaintiff has failed to allege sufficient facts to suggest that the protected activity was causally connected to the alleged retaliatory acts. According to Plaintiff's other allegations, the first time that she raised an issue about her pay was *in response* to Defendant's plan to resize her territory. Amend Compl. ¶ 34. As a matter of law, Defendant could not have retaliated against Plaintiff by reducing her territory (and pay) when, according to her allegations, Defendant contemplated reducing her territory before she engaged in the alleged EPA protected activity. *See Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006). Similarly, Plaintiff cannot be liable for retaliatory harassment if the alleged harassment had already been occurring before Plaintiff engaged in the alleged protected activity in April 2022. *See id;* Amend. Compl. ¶ 34. For these reasons, Count VII must be dismissed.

### 3.  Plaintiff fails to state any claim for hostile work environment.

In Counts II and IX, Plaintiff attempts to state claims for hostile work environment harassment. Hostile environment harassment "occurs when an employer's conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment." *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989). To establish a hostile work environment claim, Plaintiff must allege facts to suggest (1) that she belongs to a protected group; (2) that she has been subject to

unwelcome harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Anderson v. City of Ft. Pierce*, 2015 WL 10857439, at *5 (S.D. Fla. July 29, 2015). In considering whether harassment is severe or pervasive, courts consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's job performance. *McMillan v. Postmaster Gen., U.S. Postal Serv.*, 634 F. App'x 274, 277 (11th Cir. 2015); *see also Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807-09 (11th Cir. 2010). Ultimately, a plaintiff must allege sufficient facts to suggest the presence of several of these factors to establish a hostile work environment. *Id.*

Here, Plaintiff has not alleged sufficient factual allegations supporting the conclusory allegations in which she claims that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment. Although Plaintiff lists a host of comments and acts allegedly made by Defendant, she fails to allege any factual allegations concerning the timeframe within which they were made during her 12-year career. This calls into question whether the comments are timely and can be pursued in this case. Additionally, because Plaintiff has failed to allege any facts showing the comments' timeframe, various contexts, and their frequency, she cannot establish the necessary pervasive element. *See, e.g., R.M. v. Miami-Dade Cty.*, 2021 U.S. Dist. LEXIS 9646 (S.D. Fla. May 11, 2021) (dismissing complaint where it was unclear how often harassment allegedly occurred).

Plaintiff's claim also fails because she cannot show that she subjectively believed that the alleged comments and conduct were so severe and pervasive that they interfered with her work

performance. Plaintiff has actually alleged the opposite by alleging that, despite the purported harassment, she was able to continue meeting her goals almost every year, including 2022, and outperformed other employees. Amend. Compl., ¶20. This allegation prevents the Court from making an inference that Defendant's actions interfered with her self-described excellent performance.

Finally, "the employee must show that the employer knew or should have known of the harassment and failed to take remedial action." *Natson v. Eckerd Corp., Inc.*, 885 So.2d 945, 947 (Fla. 4th DCA 2004) (employee must allege that he or she reported or complained about the harassment to establish a prima facie case of harassment). Here, Plaintiff has not provided factual allegations supporting that any alleged harassing conduct took place after she reported it to the Defendant. Rather, she alleges that the Defendant changed her supervisor after she reported the conduct and does not allege (other than in conclusory allegations) that Mr. Beaudoin engaged in any improper conduct at all. *See* Amend. Compl., ¶34. For those reasons, Counts II and IX should be dismissed. *See Harris v. Cellco P'ship*, Case No. 21-811129-MIDDLEBROOKS, 2021 WL 8155331 (S.D. Fla. Dec. 28, 2021) (Middlebrooks, J.) (dismissing hostile work environment claim that was not severe and pervasive).

### 4. Plaintiff fails to state any claim for disparate treatment based on gender or age.

In Counts I, IV, VIII, and X, Plaintiff attempts to state claims for disparate treatment based on either her sex or age. To state a plausible disparate-treatment claim, Plaintiff must allege "(1) [s]he was a member of a protected class; (2) [s]he was qualified for the job; (3) [s]he suffered an adverse employment action; and (4) [s]he was treated less favorably than a similarly situated individual outside [her] protected class." *Decosta v. ARG Res., LLC*, 2012 WL 12865835, at *2 (S.D. Fla. Dec. 7, 2012). Plaintiff does not meet this bar.

Ultimately, Plaintiff has failed to plead sufficient facts to suggest that a valid comparator was treated more favorably than she was. A valid comparator is "similarly situated in all material aspects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019); *see also Hollant v. City of N. Miami, Fla.*, 2018 WL 3448096, at *7 (S.D. Fla. July 17, 2018) (dismissing Title VII discrimination claim for failure to plausibly allege a similarly situated comparator). Ordinarily, a similar-situated comparator: (1) "engaged in the same basic conduct;" (2) was subject to the same policy, guideline, or rule; (3) was under the same supervisor; and (4) "share[s] the plaintiff's employment or disciplinary history." *Lewis*, 918 F.3d at 1218.

For Plaintiff's age-discrimination claims (Counts IV and X), Plaintiff identifies Will Benston as the sole comparator whom she alleges Defendant treated more favorably because he was younger. Amend. Compl. ¶¶ 121, 124.   As discussed, the crux of Plaintiff's disparate-treatment claim is that she feels her sales district was unfairly reduced. Amend. Compl. ¶ 120. But, based on these allegations, Benston cannot be a valid comparator. He and Plaintiff do not share the same employment history. She, as an existing and tenured employee, had an established and admittedly large sales district. Amend. Compl. ¶ 44. Benston, as a new hire, had no sales district. Amend. Compl. ¶ 151. Thus, Defendant's changes to their respective sales districts cannot be properly compared to show disparate treatment. Because Benston was a new hire, he had no sales district for Defendant to even contemplate reducing. As such, Counts IV and X should be dismissed for failure to state a claim.

For the sex-discrimination disparate treatment claims (Counts I and VIII), Plaintiff repeatedly alleges the conclusory allegation that she was disparately treated and references comparators but does not provide sufficient facts (other than conclusory allegations and their title, age, and gender) regarding anyone to suggest that they were similarly situated to her outside of her

protected gender class but were treated more favorably. This requires dismissal. *Decosta*, 2012 WL 12865835, at *2. Plaintiff also acknowledges that some of the male's territories were removed from them, but then states that she subjectively feels that the territories removed from males were not significant like her or "to the extent Plaintiff's territory was stripped." Amend. Compl. ¶ 148. Through this all, she fails to provide any allegations with facts to show comparable specifics, especially comparable sizes of sales districts. Without those comparable specifics, Plaintiff has failed to allege sufficient facts to suggest that similarly-situated males were treated differently, which warrants dismissal.

      **B.**    **Plaintiff raises time-barred allegations of alleged discrimination that have also not been administratively exhausted.**

As a prerequisite to filing a lawsuit under Title VII, the ADEA and the FCRA, Plaintiff must exhaust her administrative remedies by timely filing a charge with the EEOC and/or FCHR. *See Jones v. Bank of Amer.*, 985 F. Supp. 2d at 1324-25. "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." *Anderson v. Embarq/Spring*, 379 F. App'x 924, 927 (11th Cir. 2010). In Florida, a charge must be filed within 365 days of the allegedly discriminatory conduct. *See* Fla. Stat. § 760.11. Plaintiff dual filed her Charge on April 27, 2022.[6] Ex. A. Based on the April 27, 2022 Charge, allegations of conduct prior to April 27, 2021 are time barred because they took place more than 365 days prior to the Charge. Fla. Stat. 760.11(1).

---

[6] Although Plaintiff's Charge of Discrimination is outside the four corners of Plaintiff's Amended Complaint, the Court may consider it if: (1) it is central to Plaintiff's claims; and (2) Plaintiff does not dispute the authenticity of the Charge. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Alternatively, this Court may review and take judicial notice of the Charge of Discrimination at the Motion to Dismiss stage because (1) it is a public record, (2) Plaintiff referenced it in the Complaint, it is central to her claim and of undisputed authenticity, and (3) what is alleged within it is not subject to reasonable dispute. *See Ellison v. Postmaster Gen., U.S. Postal Serv.*, 2022 U.S. App. LEXIS 27555 (11th Cir. Oct. 3, 2022).

Although it is difficult to determine which allegations Plaintiff hopes to rely on in support of her claims, Plaintiff's Amended Complaint includes several time-barred allegations, allegations that were not raised within her Charge, and allegations with no clear time frame. For example, in Paragraph 47, Plaintiff includes what she calls "examples" of an alleged "Good Ole Boys" culture. Amend. Compl. ¶ 47. In doing so, she references instances in which she alleges territory she serviced were given to Jon Hall in approximately 2012[7] and Russell Jones in 2015. Even if they were vaguely included within the Charge (they are not), they would be time barred because the incidents clearly occurred more than 365 days before the April 27, 2022 Charge was filed by Plaintiff. *See* Charge, at Ex. A. Plaintiff also raises allegations where she accuses Mr. Beaudoin of discrimination and harassment. *See* Amend. Compl., ¶¶ 58-59, 65-66, 80, 84, 100-101, 120-121, 183-184, 198-199, 212-213, 228-229, 244-245, 259, 260, 284. Those allegations were not included in the Charge. Ex. A.[8] It is unclear whether other allegations in the Amended Complaint are time barred or not exhausted because Plaintiff was so vague and conclusory, but Plaintiff raises many time-barred and unexhausted issues in her Initial Disclosures, making it appear that she is attempting to improperly rehash her entire 12-year employment history with Defendant in this case. Amend. Compl., ¶20; *see also* Ex. A (identifying 2012 as starting date).

Since Plaintiff did not satisfy the condition precedent to those allegations and they are time barred, Plaintiff cannot now assert claims based on them or any other allegations that relate to

---

[7] Plaintiff alleges these instances happened when Jon Hall started and that he started two years after her. Amend. Compl., ¶ 47. She further alleges that she has worked for Defendant for twelve years. Amend. Compl., ¶ 20. In other words, she contends the allegations related to Jon Hall are ten years old.

[8] In fact, Plaintiff appears to now lump Mr. Beaudoin into her allegations related to discrimination and harassment, even though it is clear from the Charge that she alleged Mr. Reifschneider engaged in the conduct at issue in the discrimination and harassment claims. Nothing she alleged in the Charge against Mr. Beaudoin constitutes discrimination or harassment. *See* Ex. A.

conduct pre-April 27, 2021. *Id.* Thus, they should be stricken from the Amended Complaint and Plaintiff should be limited to her claims raised in the Charge and for acts after April 27, 2021.

**C.     If the Court does not believe that the Amended Complaint should be dismissed, several of Plaintiff's allegations should be stricken.**

To the extent that Plaintiff's Complaint is not dismissed, many of Plaintiff's allegations must be stricken. Fed. R. Civ. P. 12(f). Rule 12 provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter on its own or by motion of either party. *Id.* A motion to strike serves "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). An allegation is immaterial if it has no value in developing the issues of the case and is impertinent if it is irrelevant to the issues and not properly in issue between the parties. *Id.* An allegation is scandalous if it is grossly disgraceful or defamatory and irrelevant to the action. *Id.*

Plaintiff's Amended Complaint is riddled with redundant, immaterial, impertinent, and scandalous allegations that are due to be stricken. Fed. R. Civ. P. 12(f). In addition to the examples of redundancy described above, Plaintiff included a number of miscellaneous allegations that have no bearing on this case, such as rhetorical questions in Paragraph 42, unrelated claims involving others pertaining to alleged systemic discrimination, and failure to promote to roles for which she never alleges she applied in Paragraphs 47-50, 162;  allegations regarding some other alleged case without citation in Paragraph 54; and sweeping generalizations in Paragraphs 35, 42, 46 and 47. Others of Plaintiff's allegations are scandalous, such as Defendant's "toxic culture as being an unrepentant male-dominated, male-centered, 'Good Ole Boys Club' Company is well known within the Company" in Paragraphs 36 and 42; and "systemic discrimination" throughout Defendant in Paragraph 47.

Significantly, Plaintiff alleges she is a "me too" victim and asserts allegations concerning other female employees of Defendant. Amend. Compl. ¶¶ 47-50, 146, 162. Plaintiff, however, has not stated and does not intend to state a class action. *See* Joint Discovery Plan [D.E. 15]. Since this is not a class action, all allegations attempting to assert a pattern and practice of discrimination should be stricken from the Amended Complaint. *See, e.g., Smith v. City of Lake City*, No. 3:12-cv-553-J-99MMH-TEM, 2012 WL 4772286, *1 (M.D. Fla. Oct. 8, 2012) (striking pattern and practice allegations; "The Eleventh Circuit has determined that an individual plaintiff, or group of individual plaintiffs, cannot maintain a pattern or practice claim without certification of a class action"). Claims of discrimination and/or retaliation made by any individual other than the Plaintiff have no relevance to the Plaintiff's claim and can be highly prejudicial. *See, e.g., Jones v. Gerwens*, 874 F.2d 1534, 1541-42 (11th Cir. 1989) (proof of other complaints involving different supervisors were not relevant to plaintiff's discrimination claim). Additionally, Plaintiff's allegations regarding promotions related to others are wholly irrelevant, as Plaintiff has not asserted any allegations that she sought or was qualified for a promotion in the first place. Amend. Compl. ¶¶ 46-49.

Many of the asserted allegations have no relationship to the actual controversy and only operate to confuse the issues and to overly expand discovery in this case. *See Blake*, 318 F.R.D. 698 at 700. Accordingly, this Court should strike all of these redundant, immaterial, impertinent and scandalous allegations from the Complaint to clean up the pleading, remove irrelevant and confusing material, and avoid unnecessary foray into immaterial matters. *Id.*

### D.    Several of Plaintiff's requests for damages must be stricken because they seek improper damages.

Plaintiff also seeks damages that are not recoverable under the laws she seeks to invoke. Specifically, Plaintiff seeks liquidated damages in Counts I-III and VIII-XI for Plaintiff's

sex/gender discrimination and retaliation claims. Liquidated damages, however, are not available under Title VII or the FCRA. *Gould v. Fla. Atl. Univ. Bd. of Trustees*, No. 10-81210-CIV, 2011 WL 13227873, at *6 (S.D. Fla. Nov. 15, 2011). Plaintiff also seeks emotional distress, pain and suffering, and punitive damages in Counts IV for Plaintiff's age-discrimination claims under the ADEA. Such damages are not available under the ADEA. *Ritchie v. Indus. Steel, Inc.*, No. 608CV1201ORL22KRS, 2008 WL 11335097, at *2 (M.D. Fla. Nov. 4, 2008) (citing *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir. 2000) ("damages for emotional distress and dignitary injury are unavailable under the ADEA"). Finally, Plaintiff seeks compensatory damages and punitive damages in Counts VI and VII for Plaintiff's EPA wage discrimination and retaliation claims. Such damages are not available under the EPA. 29 U.S.C §216(b); *Oulia v. Fla. Dep't of Transp.*, No. 18-25110-CIV, 2019 WL 2269724, at *2-3 (S.D. Fla. May 28, 2019) (striking plaintiff's request for damages because the EPA does not authorize punitive or compensatory damages). Therefore, the requests for liquidated damages should be stricken from Counts I-III and VIII-XI; the requests for emotional distress, pain and suffering, and punitive damages should be stricken from Count IV; and requests for compensatory damages and punitive damages should be stricken from Counts VI and VII. *See Batmasian*, 318 F.R.D. at 700. ("The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters.").

### E.     Alternatively, Plaintiff should be required to file a more definite statement.

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are "intended to provide a remedy for unintelligible pleading[s]." *Lowry v. Constr. Servs. & Consultants, Inc.*, No. 05-14388,

2006 WL 8433933, at *1 (S.D. Fla. July 24, 2006). Thus, "motions for a more definite statement will only be granted if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Hobbs v. BH Cars, Inc.*, No. 04-60327, 2004 WL 1242838, at *2 (S.D. Fla. June 4, 2004). In addition to the deficiencies addressed above, Plaintiff appears to try to state additional potential causes of action without clear allegations, including that she was "slandered." Amend. Compl., ¶ 46(g). She also splits sentences into various Paragraphs. *See, e.g.*, Amend. Compl., ¶¶ 116-119, 230-231. Her Amended Complaint appears to be intentionally written in a way to make it confusing, and Defendant should not be required to respond until she meets the pleading standards applicable to this Court.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint must be dismissed due to the above-discussed procedural and substantive deficiencies. As such, Defendant respectfully requests that this Court enter an Order dismissing the Amended Complaint in its entirety and awarding such other relief as this Court deems just and proper.

Dated: February 6, 2023.                    Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No. 12041
E-mail: smederos@littler.com
Sinead D. Motta, Esq.
Florida Bar No. 115438
E-mail: sdaly@littler.com
Colby J. Ellis
Florida Bar No. 1019588
E-mail: cellis@littler.com
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
*COUNSEL FOR DEFENDANT*